IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| EDA ANETTE LOPEZ-NEGRON and<br>MICHAEL SANTOS-SOLTERO<br>　　　Plaintiffs<br><br>　　　v.<br><br>Cooperativa de Ahorro y Credito de Yauco,<br>d/b/a YAUCOOP,<br>William Ortiz-Negron, Chairman,<br>John Doe, Richard Roe and their respective<br>insurance companies<br>　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL NO. 21-1298 (　)<br><br>ABOUT:<br>　　28 U.S.C. § 1331 and 1367<br>Title VII and 42 USC, Civil Rights Act 1964<br>Age Discrimination in Employment Act of 1967<br>ADEA, Arts. 1802 &1803 of PR Civil Code<br><br><br>TORTS<br><br>JURY TRIAL |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

**I.　JURISDICTION:**

1.　This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Civil Rights Act 1964 and Age Discrimination in Employment Act of 1967 (ADEA).

2.　Plaintiffs invoke violations to Commonwealth of Puerto Rico Labor Laws including Public Law No. 80 of May 30, 1976 as amended and invoke the article 1802 and 1803 of Puerto Rico Civil Code under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

3.　This Honorable Court also has venue pursuant to 28 United States Code § 1391 since

**COMPLAINT**
**CIVIL NO. 21-1298 (   )**
**Page 2**

the claims asserted in this action arose in this judicial district.

4. Trial by jury is hereby requested.

## II. PARTIES:

5. Plaintiffs Eda Annette Lopez-Negron and Michael Santos-Soltero are of legal age, married, and resident of Guayanilla, Puerto Rico.

6. Plaintiffs' physical address is Bo. Indio, 143 Santa Rosa St., Guayanilla, 00656 and their postal address is Urb. Alturas del Cafetal, B-10 Amapola St., Yauco, PR 00698.

7. Defendant Cooperativa de Ahorro y Credito de Yauco (doing business as YAUCOOP) is a saving and loan cooperative (credit union) that is providing financial services to its members. The company is based in Yauco, PR. It has three (3) branches; Central Office (787-856-1820), Yauco Pueblo (787-856-1820) and Yauco Plaza (787-856-1820). It's physical address is Road 128 int 368, Yauco, PR 00698, postal address is P.O. Box 3010, Yauco, Puerto Rico 00698.

8. Co-defendant William Ortiz-Negron is of legal age, married, and resident of Yauco, Puerto Rico. His physical address is Bo. Palomas, Urb. Palomino Hill, Yauco, PR 00698.

10. Defendant William Ortiz-Negron was the Chairman of the Board of Directors of Cooperativa de Ahorro y Credito de Yauco, at the time of the facts alleged in the complaint.

11. John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Included are the insurance companies of all the defendants.

c:\claims\ELOPEZ.001

COMPLAINT
CIVIL NO.  21-1298 (   )
Page 3

### III.    FACTS:

**Related to all claims against defendants.**

12.    Defendant Cooperativa de Ahorro y Credito de Yauco (doing business as YAUCOOP) is a saving and loan cooperative (credit union) that is providing financial services to its members since the late 50's (May 1958). The company is based in Yauco, PR.

13.    YAUCOOP (Cooperativa de Ahorro y Credito de Yauco), is a cooperative of savings and loans, mirroring a banking institution. Credit unions are cooperative financial institutions that are owned and controlled by their members. Credit unions provide the same financial services as banks but are considered not-for-profit organizations and adhere to cooperative principles.

14.    Defendant YAUCOOP was created and operates under the Commonwealth of Puerto Rico Laws, Title Seven, Part III, presumably *Chapter 63 Puerto Rico Cooperatives Bank (§ 621), Chapter 64 Reestablishment of Credit Agencies (§§ 630 — 630x), Chapter 65 Credit Unions (§§ 651 — 697), Chapter 66 Cooperative Bank of Puerto Rico (§§ 751 — 779c)* or *Chapter 85 Cooperative Savings and Credit Unions (1989) (§§ 1351-1358g — 1360c-1360i)*.

15.    Defendant YAUCOOP is insured by and under the supervision of the Corporación Pública para Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC), which is a public corporation own by the Commonwealth of Puerto Rico.

16.    In Puerto Rico the cooperatives are oversight by a state entity/agency COSSEC. The employer YAUCOOP is covered by several federal laws. The mortgage loans are covered and had to be in compliance with federal law *Equal Housing Lender* and *Equal Housing Opportunity*.

17.    97% of the mortgage loans of Yaucoop are insured by MGIC.  Mortgage Guaranty

COMPLAINT
CIVIL NO. 21-1298 (   )
Page 4

Insurance Corporation (a subsidiary of MGIC Investment Corporation) NYSE: MTG is a provider of private mortgage insurance in the United States. The company is headquartered in Milwaukee, Wisconsin. In addition to mortgage insurance, MGIC provides lenders with various underwriting and other services and products related to home mortgage lending. Today, MGIC serves lenders in the United States, Puerto Rico and Guam with obtaining mortgage insurance.

18.     Complainant Eda A. Lopez-Negron is 54 years old. She started to work with Yaucoop by mid 1986 in a full-time temporary position. On January 1, 1987 she was made a permanent full-time employee, as cashier/CSR. On August 1, 1999 she was promoted to the position of loan officer and CSR. Complainant supervised the employees in charge of mortgage loans, personal loans, auto loans and special loans.

19.     The performance of Plaintiff Eda A. Lopez-Negron during her career in Yaucoop was excellent, she was promoted in positions and duties and never was admonished neither received any warning verbal or written.  She received several performance appraisal.

20.     Approximately 20 years ago, Plaintiff Eda A. Lopez-Negron was given several duties and responsibilities including some that requires high trust, high manager/supervisory levels and skills. For example she was in charge of opening the vault daily, the ATM safe/vault, etc.

21.     On October 5, 2020, Plaintiff Eda A. Lopez-Negron, her supervisor (Mr. Ramon Torres-Matos, Executive President) and the operations officer (Magaly Candelario - Vice-President for Operations) were summoned to a meeting by the Chairman of the Board of Directors (Defendant William Ortiz-Negron).  As soon as people summoned entered the meeting room, defendant Ortiz-Negron asked how was the procedures for the approval of certain loans in the institutions and the VP

COMPLAINT
CIVIL NO. 21-1298 (   )
Page 5

for Operations Magaly Candelario, answered. Immediately Defendant William Ortiz-Negron alleged that all was done incorrectly and illegally; claiming that he learned about the correct procedures while reading on his own from some unknown sources. Plaintiff Eda A. Lopez-Negron asked permission to explained the procedures but she was interrupted abruptly and aggressively by defendant Ortiz-Negron. He answered that this is not for you to challenge or not for you to defend yourself (*Esto no es para que te defiendas*).

22.     Following his actions, defendant Ortiz-Negron concluded that Plaintiff Eda A. Lopez-Negron as the loan supervisor was not capable of evaluating a loan application... He started talking about his daughter loan application recently requested (in the morning), inquiry about the status, etc. Defendant Ortiz-Negron was questioning why the loan requested by his daughter was not approved with a special low rate of interest.

23.     During the entire meeting plaintiff's supervisor and managers did not explain, clarify, correct nor defend the correctness of the procedures established in the institution for the loan approval and never clarified the actions of the plaintiff. The actions of the plaintiff were appropriate, correct as dictated by the law, rules, regulations and procedures of the banking institution (Defendant Yaucoop).

24.     On the same day after the meeting, the daughters' loan special low rate of interest was approved by other officer at defendant Yaucoop.

25.     It came to the attention of Plaintiff Lopez that a loan to a relative (son) of defendant Ortiz-Negron was irregularly approved by the institution. The loan was approved at a special low rate of interest even thought the individual had a negative credit report contrary to the institution

c:\claims\ELOPEZ.001

COMPLAINT
CIVIL NO.  21-1298 (   )
Page 6

policies and in violation of the law, rules, regulations and procedures.

26. Plaintiff Lopez-Negron was forced to resign under the circumstances of aggressive conduct against her, distrust exhibited against her, the humiliation, the harassment, etc. and defendant Ortiz explicitly implying violations to loan procedures and mismanagement in front of the senior management of the institution and her supervisor while they condoned and approved such illegal attacks. None of the senior management of the institution nor her supervisor made any effort to clarify the unsubstantiated and false allegations of defendant Ortiz-Negron.

27. Defendants Yaucoop and Ortiz-Negron did the same to several employees situated in the same conditions; seasoned senior employees of Yaucoop.

28. Defendants Yaucoop and Ortiz-Negron actions against. Plaintiff Lopez-Negron was in violation of ADEA, and Title VII and 42 of the United States Code, Civil Rights Act 1964. She was discriminated due to her age, suffered violation of her due process, and she suffered reprisal/retaliation for her legal actions in the process of loan approvals.

29. Plaintiff Lopez-Negron suffered violations to her civil rights, due process, discrimination (age-ADEA), labor law violations (state and federal law), retaliation/reprisals, etc. while working for her employer YAUCOOP. She was subject of defamation / slander by the Chairman of the Board of Director. Complainant Eda A. Lopez-Negron's duties, responsibilities and functions are being performed by a younger employee; she was substituted by a younger employee *de facto*.

30. YAUCOOP actions against plaintiff Eda Lopez-Negron was in violation of ADEA, ADA and Title VII and 42 of the United States Code, Civil Rights Act 1964. She was discriminated

c:\claims\ELOPEZ.001

COMPLAINT
CIVIL NO.  21-1298 (   )
Page 7

due to her age.

31. The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiffs.

32. Plaintiff Eda Lopez-Negron filed a complaint in the *U. S. Equal Employment Opportunity Commission* (EEOC) October 22, 2020.  The EEOC issued a *Notice of Right to Sue* on March 24, 2021.

**IV.    CAUSES OF ACTION:**

All the paragraphs stated herein in the Jurisdiction and Facts are literary incorporated herein and are made part of the following paragraphs and causes of action.

### First Cause of Action

33. Plaintiff Eda Lopez-Negron rights under the provisions of Title VII and 42 of the United States Code, Civil Rights Act 1964 and her rights under Age Discrimination in Employment Act of 1967 (ADEA) were violated; her constitutional right to due process was violated by defendants.

### Second Cause of Action

34. Plaintiff Eda Lopez-Negron's rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976*, is invoked under the under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. She was an employee until defendants forced her to resign. It was a constructive discharged.

c:\claims\ELOPEZ.001

COMPLAINT
CIVIL NO.  21-1298 (   )
Page 8

### Third Cause of Action

35.    Plaintiff Eda Lopez-Negron's rights under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, et. seq., (Torts) are invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. She suffered damages to her reputation, was subject of defamation / slander, distrust exhibited against her, the humiliation, the harassment, etc.

### Forth Cause of Action

36.    Co-plaintiffs ETV had suffered and continue to suffer, severe emotional distress, affliction, anguish, economical damages, deprivation because of her mother damages and suffering due to violation of the Age Discrimination in Employment Act of 1967 (ADEA), constitutional right do to due process, violations and the discrimination and Torts, under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, et. seq.,

**V.    DAMAGES:**

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

37.    Plaintiff Eda Lopez-Negron's civil  rights were violated; she was discriminated due to her age; her rights under ADEA were violated; her  constitutional right to due process was violated; he suffered moral damages and mental anguish; monetary loss; lost of income; damages estimated on $1,000,000.00.

38.    Co-plaintiff Michael Santos-Soltero had suffered and continue to suffer, severe

emotional distress, affliction, anguish, economical damages, deprivation because of his wife damages and suffering due to violation of ADEA, constitutional right do to due process, civil rights violations and the discrimination, defamation and slander, harassment; claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) are invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency damages estimated on $200,000.00.

39.   Plaintiff Eda Lopez-Negron, was defamed, she suffered defamation and slander, distrust exhibited against her, the humiliation, the harassment, etc., she has suffered and continue to suffer, severe emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency.  Damages estimated on $200,000.00.

40.   Plaintiff Eda Lopez-Negron, has suffered illegal labor discrimination, labor treatment and a constructive discharge; claims and rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976* invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated on $100,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than one million five hundred thousand dollars ($1,500,000.00) suffered by plaintiffs because of defendants wrongful acts and combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

c:\claims\ELOPEZ.001

**COMPLAINT**
**CIVIL NO.  21-1298 (   )**
**Page 10**

       **JURY TRIAL DEMANDED.**

       **RESPECTFULLY SUBMITTED.**

In Ponce, Puerto Rico, this 21st day of June of 2021.

    **I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF system in US District Court and the CM/ECF System will send notification of the filing to:

                              **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
                              Juan R. Rodríguez
                              PO Box 7693
                              Ponce, Puerto Rico 00732-7693
                              Tel. (787) 843-2828 / 843-2900 Fax (787)284-1267
                              Email: **juan_r_rodriguez00732@hotmail.com**
                                                **juan.r.rodriguez00732@gmail.com**

                    By:   *S\Juan R. Rodriguez*
                              **JUAN R. RODRIGUEZ**
                              **USDC - PR 214410**